UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23044-Civ-GOLD
(93-244-CR-GOLD)
MAGISTRATE JUDGE P.A. WHITE

LAZARO CASTILLO-RANGEL          :

      Movant,          :          <u>REPORT RE DISMISSAL</u>
<u>FOR FAILURE TO OBTAIN</u>
v.          :          <u>AUTHORIZATION PURSUANT TO</u>
<u>28 U.S.C. §2244(b)(3)</u>
UNITED STATES OF AMERICA,          :

      Respondent.          :
_____

    The pro se movant, Lazaro Castillo-Rangel  filed a Motion for

Writ of Audita Querela, pursuant to 28 U.S.C. §1651.[1] The motion

was referred to the Undersigned Magistrate Judge.[2] The motion

attacks the conviction in 93-244-Cr-Gold, and is, in legal effect

a successive motion to vacate pursuant to 28 U.S.C. §2255.  On

April 24, 1996, the habeas corpus statutes were amended.  Included

in the new amendments is a change in 28 U.S.C. §2244, which now

reads as follows:

---

[1]The invocation of multiple writs is unavailing to this
petitioner/movant. 28 U.S.C. §1651, the All Writs Act,  does not
allow filing a successive §2255 motion to vacate without first
obtaining permission from the Eleventh Circuit Court of Appeals.
<u>U.S. v Torres</u>, 282 F.3d 1241, 1245-1246 (10th Cir. 2002). That
applies to writs of Audita Querela as well.

[2]The motion was filed in the movant's criminal case as DE#151,
156. The government filed a response (Cr DE#153) and the movant
filed a reply.

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.

*   *   *

(b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.
(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

*   *   *

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

>        that no reasonable factfinder would have found the
>        movant guilty of the offense; or
>         (2) a new rule of constitutional law, made retroactive
>        to cases on collateral review by the Supreme Court, that
>        was previously unavailable.

The movant filed five prior motions to vacate, attacking the conviction 93-244-Cr-Gold. The first motion, assigned Case No. 97-3098-Civ-Ungaro-Benages, was denied on October 23, 2001. The Eleventh Circuit declined to issue a Certificate of Appealability on March 22, 2002, Case No. 01-16989-J. A second motion filed; Case No. 97-3302-Civ-Nesbitt was dismissed as duplicative on January 19, 1998. No Appeal was taken. The third motion to vacate, assigned case no. 03-20044-civ-Gold was dismissed as successive on January 27, 2003. The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability on June 2, 2003, Case No. 03-10809. The forth and fifth motions, assigned case nos. 05-23166-Civ-Huck and 06-22140-Civ-Huck were dismissed as successive.

If the movant intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A).  The movant will be provided with a form to apply for such authorization with this report.

On its face, this successive motion is barred by the one year statute of limitations provided by 28 U.S.C. §2255.  Under the

circumstances of this case it does not appear that either a direct transfer of the case to the Court of Appeals pursuant to 28 U.S.C. §1631, or a stay of the present case would be appropriate.  <u>See generally</u> <u>Guenther v. Holt</u>, 173 F.3d 1328 (11 Cir. 1999).


It is therefore recommended that this case be dismissed.


Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.


Dated this day of 13th October, 2009.

_____
UNITED STATES MAGISTRATE JUDGE



cc:   Lazaro Castillo-Rangel, <u>Pro Se</u>
      Reg. No. 47038-004
      Federal Correctional Institution
      PO Box 779800
      Miami, FL 33177-0200