UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 09-23044-CIV-GOLD/WHITE

LAZARO CASTILLO - RANGEL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE WHITE [DE 8]; DENYING PETITIONER'S OBJECTION [DE 9]; CLOSING CASE

THIS CAUSE is before the Court upon Magistrate Judge White's Report and Recommendation **[DE 8]**, entered October 14, 2009 (hereinafter, the "Report"). The Report recommends denial of Petitioner's Motion to vacate his sentence **[DE 1]**. Petitioner filed objections on October 21, 2009 **[DE 9]**. For the reasons stated below, I adopt Judge White's report..

Petitioner contends that a Writ of Audita Querela is the proper vehicle for his attack on his sentence.[1] The Eleventh Circuit has held that "federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005). However, the *Holt* Court recognized that " a writ of audita querela may not be granted when relief is cognizable under § 2255." *Id.* at 1175. The Eleventh Circuit has "applied [*Holt*] even where, as in [this] case, the petitioner had already filed a § 2255 motion; it was denied, and

---

[1] Petitioner cites *Kessack v. United States*, WL 189679 (W.D.Wash., January 18, 2008) (the *Kessack* court refused to construe the plaintiff's Writ of Audita Querela as a successive § 2255 motion on the grounds that his current petition invoked United States v. Booker and the unconstitutional mandatory federal sentencing guidelines, which were not available to him at the time of his first §2255 motion). This case is distinguishable from *Kessack* because Petitioner–unlike the petitioner in *Kessack*–does not implicate any new constitutional rule in his writ or objections to the report.

thus the prisoner could only seek postconviction relief by seeking leave to file a successive petition. *United States v. Davis*, WL 3465917 (11th Cir. October 29, 2009). Therefore, Petitioner has to file a second § 2255 if he wishes to attack his sentence.

For this Court to consider his second § 2255 motion, Petitioner first must obtain an order from the Court of Appeals authorizing the district court to consider his successive § 2255 petition pursuant to 28 U.S.C. § 2244 (b)(3)(A). *Morales v. Fla. Dept. Of Corrs.*, WL 3089106 (11th Cir. September 29, 2009). Because Petitioner failed to obtain such authorization, this Court lacks jurisdiction to consider his successive petition. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Having reviewed the Report, Petitioner's objections, and the applicable law, it is hereby

ORDERED AND ADJUDGED:

1. The Report and Recommendation **[DE 8]** is AFFIRMED AND ADOPTED.

2. Plaintiff's Motion to vacate **[DE 1]** is DENIED.

3. This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida this 4 day of November, 2009.

THE HONORABLE ALAN S. GOLD
U.S. DISTRICT COURT JUDGE

cc:
U.S. Magistrate Judge Patrick A. White

Lazaro Castillo-Rangel, Pro Se.
Reg. No. 47038-004
Federal Correctional Inst.
Miami, Low, Unit B.
P.O. Box 779800
Miami, Florida, 33177-0200